**UNITED STATES of America, Plaintiff,**

v.

**N. V. NEDERLANDSCHE COMBINATIE VOOR CHEMISCHE INDUSTRIE et al., Defendants.**

**No. 68 Cr. 870 (DNE).**

United States District Court, S. D. New York.

June 15, 1978.

Donald A. Kaplan, Dept. of Justice, Washington, D. C., for plaintiff.

Rogers, Hoge & Hills, New York City, for defendant, John A. Massaut; Covington & Burling, Washington, D. C., of counsel.

## MEMORANDUM

EDELSTEIN, Chief Judge:

Defendant John A. Massaut moves this court for an order dismissing the indictment against him in the above-captioned matter. Mr. Massaut's motion is premised upon the government's failure to comply with sections 7 and 11 of the Statement of Time Limits and Procedures for Achieving Prompt Disposition of Criminal Cases During the Transitional Period that, under Rule 50(b), Fed.R.Cr.P., govern criminal proceedings in this court. It is Massaut's contention that dismissal is required because of the government's failure to try Massaut within six months of the commencement of criminal proceedings against him, excludable time notwithstanding. Mr. Massaut contends in his memorandum in support of the instant motion that the amount of time by which the total time since the indictment exceeds the excludable time is nearly 34 months.

The government disputes none of the facts alleged in Mr. Massaut's motion papers nor does it object to dismissal of the indictment against him. The government declined in its response papers to take a position on whether the Statement of Time Limits and Procedures for Achieving

Prompt Disposition of Criminal Cases During the Transitional Period requires that the instant indictment be dismissed. At oral argument, government counsel, in response to inquiry from the court, asserted, "I do not dispute that reading the statute, examining the delays, that the defendant would seem to qualify for a dismissal."[1]

This court has, in denying a government motion to dismiss the Massaut indictment, and again in denying reconsideration of that decision, and still again at oral argument on this motion, expressed forcefully its feelings concerning the extreme gravity of the allegations in the indictment and the government's abandonment of its once fervid position that the indictment in question requires vigorous prosecution. This court has previously noted that the indictment in this matter alleges a "criminal conspiracy which, concerning as it does an essential life-saving drug, directly threatens the public weal."[2] At oral argument on the instant motion, the court inquired of government counsel,

> Now, would you indicate briefly, or take whatever time you need, to advise this court what diligence has the Government in fact shown in bringing Massaut to trial, keeping in mind when the indictment was first filed. What diligence has it shown?[3]

The response to that question caused the court to pose this rhetorical question,

> But really no diligence, no real effort was undertaken by the Government to bring this defendant to trial?[4]

The court perceives no purpose to be served at this time in adding to what is a very clear record of the government's conduct in this matter. The court remains convinced of the extreme gravity of the charges brought against Mr. Massaut and of the profound disservice to the interests of justice caused by the government's conduct with respect to those charges. The court greatly regrets that its efforts to force the government to trial have been unavailing.

Mr. Massaut has not been brought to trial within the time limits prescribed by the Statement of Time Limits and Procedures for Achieving Prompt Disposition of Criminal Cases During the Transitional Period. Defendant Massaut's motion to dismiss must be granted. The court does so dismiss despite its continuing conviction that the interests of justice have been here ill-served.

So ordered.

---

1. Hearing of December 27, 1977, at Tr. 11.

2. Opinion of June 3, 1977 at 2.

3. Hearing of December 27, 1977, at Tr. 12.

